ERIC C. ANDERSON #016114
SARAH R. ANCHORS #025344
JASON J. BOBLICK #026507
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Jason_Boblick@tempe.gov
*Attorneys for Tempe Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Tempe Tavern 1810 LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br>v.<br><br>City of Tempe, a municipal corporation; Kenneth McCoy, in his individual capacity; Eric Hernandez, in his individual capacity; Luis Samudio, in his individual capacity; Ben Henry, in his individual capacity; Filbert Barrera, in his individual capacity; Juan Robles, in his individual capacity; and Does 1-50, in their individual capacities,<br><br>    Defendants. | Case No. 2:26-cv-01272-PHX-SMB<br><br>**City of Tempe, Kenneth McCoy, Erik Hernandez, and Juan Robles's Answer to the Second Amended Complaint** |

Defendants City of Tempe (the "City"), Kenneth McCoy, Eric Hernandez, and Juan Robles (collectively, "Tempe Defendants"), by and through undersigned counsel, for their answer to the Second Amended Complaint to Recover Damages (Doc. 26), admit, deny, and allege as follows:

City Attorney's Office
21 East Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280

1.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. Tempe Defendants deny any liability asserted in paragraph 1.

2.     Tempe Defendants admit that a bar/restaurant called Tempe Tavern is located near McClintock Road and Apache Boulevard in Tempe, Arizona, which is near Arizona State University's Tempe campus. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.     Tempe Defendants deny the allegations in paragraph 3.

4.     Tempe Defendants admit that two enforcement actions occurred at Tempe Tavern in 2025. Tempe Defendants deny the allegation of selective enforcement. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.     Tempe Defendants deny the allegations in paragraph 5.

6.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     Tempe Defendants deny the allegations in paragraph 9.

10.     Tempe Defendants deny the allegations in the first sentence of paragraph 10. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in paragraph 10.

11.     Tempe Defendants deny the first and third sentences of Paragraph 11. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.     Tempe Defendants deny that Plaintiff is entitled to any damages or attorney's fees as alleged in paragraph 12.

### Jurisdiction and Venue

13.     Tempe Defendants admit that Plaintiff is attempting to bring various claims against certain defendants in this lawsuit. Tempe Defendants deny those claims and allegations set forth in paragraph 13.

14.     Tempe Defendants admit that Plaintiff is attempting to bring various claims against certain defendants in this lawsuit. Tempe Defendants deny those claims and all allegations set forth in paragraph 14.

15.     Upon information and belief, Tempe Defendants admit the Court has subject-matter jurisdiction as alleged in paragraph 15.

16.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

### Parties

18.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Upon information and belief, Tempe Defendants admit the allegations in paragraph 19.

20.     Tempe Defendants admit the allegations in paragraph 20.

21.     Tempe Defendants admit the allegations in paragraph 21.

22.     Tempe Defendants admit the allegations in paragraph 22.

23.     Tempe Defendants admit that Erik Hernandez is a Lieutenant with the Tempe Police Department. Tempe Defendants admit that Lieutenant Hernandez participated in the 2025 investigations of Tempe Tavern and took some videos and photos during one or both of the investigations, some of which were included in one or more social media posts. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24.     Upon information and belief, Tempe Defendants admit that Defendant Luis Samudio is or was a Lieutenant with the DLLC. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25.     Upon information and belief, Tempe Defendants admit the allegation in paragraph 25.

26.     Upon information and belief, Tempe Defendants admit the allegation in paragraph 26.

27.     Tempe Defendants admit the allegations in paragraph 27.

28.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

4

**Facts**

29.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

**March 22, 2025 Action**

36.     Responding to paragraph 36, Tempe Defendants admit that several Tempe Police personnel, including at least one Sergeant, approached Tempe Tavern on March 22, 2025. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Tempe Defendants deny the allegations in paragraph 37.

38.     Responding to paragraph 38, Tempe Defendants deny that a Sergeant returned

5

as alleged. Tempe Defendants affirmatively allege that a Tempe Police Lieutenant returned to the area after some period of time and was accompanied by additional officers. Tempe Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 38.

39. Tempe Defendants admit that a number of Tempe Police Department officers entered Tempe Tavern. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.

40. Tempe Defendants admit the allegation in paragraph 40.

41. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Responding to paragraph 42, Tempe Defendants admit that no warrant was presented to Tempe Tavern on March 22, 2025. Tempe Defendants admit that no citations were immediately issued to Tempe Tavern and that no violation notice to Tempe Tavern immediately followed. Tempe Defendants deny the allegation that no arrests or citations were made and state that some individuals were arrested and/or cited for underage drinking either within or just outside Tempe Tavern on or about March 22, 2025. Tempe Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 42.

43. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

**April 24, 2025 Enforcement Action**

44. Tempe Defendants admit that an operation at Tempe Tavern involving the

Tempe Police Department and the Arizona Department of Liquor Licensing and Control occurred on or about April 24, 2025. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

45.    Tempe Defendants admit the allegations in paragraph 45.

46.    Tempe Defendants admit the allegations in paragraph 46.

47.    Tempe Defendants admit the allegations in paragraph 47.

48.    Tempe Defendants admit the allegations in paragraph 48.

49.    Upon information and belief, Tempe Defendants admit the allegations in paragraph 49.

50.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

**April 30, 2025 Code Compliance Notice**

55.    Tempe Defendants admit that City of Tempe Code Compliance staff delivered a notice to Plaintiff that included references to barbed wire and murals. Tempe

7

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

56.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

**May 2025 Enforcement Grant**

59.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.    Tempe Defendants admit that further investigation of Tempe Tavern occurred in 2025. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

**November 20, 2025 Enforcement Action**

64.    Tempe  Defendants  admit  that  an  enforcement  action  at  Tempe  Tavern

involving the Tempe Police Department occurred on or about November 20, 2025, and that the Arizona Department of Liquor Licensing and Control was also involved. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64.

65.    Tempe Defendants admit the allegations in paragraph 65.

66.    Tempe Defendants admit the allegations in paragraph 66.

67.    Tempe Defendants admit the allegations in paragraph 67.

68.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    Tempe Defendants deny the allegations in paragraph 69. Tempe Defendants affirmatively allege that four violations are outlined in TFMRD Fire Inspection No. 25112010093.

70.    Tempe Defendants deny the allegations in paragraph 70. Tempe Municipal Court Case No: 26-028419-3 contains three separate security plan violation complaints. The case status is currently reflected as open.

71.    Tempe Defendants deny the allegations in paragraph 71. Tempe Municipal Court Case No: 26-028419-3 contains three separate security plan violation complaints. The case status is currently reflected as open. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71.

72.    Tempe Defendants deny the allegations in paragraph 72. Tempe Municipal Court Case No: 26-028419-3 contains three separate security plan violation complaints. The case status is currently reflected as open. Defendants lack knowledge or information

9

sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

73.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Tempe Defendants admit that the City posted on Instagram regarding the November 2025 operation at Tempe Tavern on or about November 22, 2025, utilizing images captured by Lt. Hernandez. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75.

76.    Tempe Defendants deny that the City deleted the November 22, 2025, Instagram post and affirmatively allege that it was removed and archived due to privacy concerns involving minors. Tempe Defendants admit that the Tempe Police Department created an Instagram post on December 3, 2025, as reflected in Exhibit 1 to Plaintiff's Second Amended Complaint. Tempe Defendants deny the allegation that Exhibit 1 claims Tempe Tavern was responsible for a death that occurred in September 2025. Tempe Defendants admit that the City posted a bulletin titled "Timeline Shows 19-Year-Old at Tempe Tavern Before Fatal Hit-and-Run" as reflected in Exhibit 2 to Plaintiff's Second Amended Complaint. Tempe Defendants deny the allegation that they "tortiously smeared Tempe Tavern." Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76.

77.    Upon information and belief, Tempe Defendants admit the allegations in paragraph 77.

78.    Tempe Defendants admit the allegation that the "Driver had been at Tempe Tavern previously that night." Tempe deny the allegation that "Tempe Tavern had nothing to do with this tragic collision." Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78.

79.    Tempe Defendants deny the allegations in paragraph 79.

80.    Tempe Defendants deny the allegations in paragraph 80.

81.    Tempe Defendants admit that Detective Robles wrote a General Offense Report regarding the hit-and-run fatality. Tempe Defendants deny the allegation that Tempe Tavern "had nothing to do with" the hit-and-run fatality. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

82.    Tempe Defendants deny the allegations in paragraph 82.

83.    Paragraph 83 is ambiguous regarding what "statements" are being referenced. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.    Tempe Defendants deny the allegations in paragraph 84.

**Police Reports Requests and Delays and the DLLC Report**

85.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.    Tempe Defendants deny the allegations in paragraph 87. Tempe Defendants

11

affirmatively allege that Plaintiff Deaver filed her lawsuit on February 12, 2026.

88.    Tempe Defendants deny the allegation in paragraph 88 that Tempe Police Department did not know that the Driver had been at Tempe Tavern on the night of September 13 and the morning of September 14 at the time they organized and/or conducted the enforcement action. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88.

89.    Tempe Defendants deny the allegations in paragraph 89.

90.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.    Tempe Defendants admit the allegations in paragraph 92.

93.    Tempe Defendants admit that the superseded complaint contained various allegations, which are denied, against the City of Tempe and DLLC.  Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

**DLLC Report**

107.    Responding to paragraph 107, Tempe Defendants admit that a 19-year-old

student at Arizona State University collided with a motorcyclist resulting in the motorcyclist's death. Tempe Defendants admit that Tempe Police Department created a report regarding the collision. Tempe Defendants admit that the report was available by February 13, 2026. Tempe Defendants deny that the report concluded that alcohol was not a factor in the collision. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107.

108.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Tempe Defendants admit the allegation in paragraph 111 that a Narrative Text within the police report contains the quoted language. Tempe Defendants deny the allegation that the quoted language was a "finding". Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112.    Tempe Defendants deny the allegation that the police report reaches any conclusions regarding "fault" as alleged in paragraph 112. Tempe Defendants admit that a Narrative Text within the police report states that the motorcycle failed to control its speed and rearended a northbound Waymo and that the motorcyclist ended up in the northbound lane and that Ms. Bellowe's vehicle then collided with the motorcyclist. Tempe Defendants

14

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112.

113. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114. Tempe Defendants admit the allegations in paragraph 114.

115. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117. Responding to paragraph 117, Tempe Defendants admit that the DLLC report appended to the Second Amended Complaint contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

118. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122. Tempe Defendants lack knowledge or information sufficient to form a belief

15

as to the truth of the allegations in paragraph 122.

123.    Responding to paragraph 123, Tempe Defendants admit that the DLLC report appended to the Second Amended Complaint contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 123.

124.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.    Tempe Defendants admit that the Exhibit referenced in paragraph 125 contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125.

126.    Tempe Defendants admit that the Exhibit referenced in paragraph 126 contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 126.

127.    Tempe Defendants admit that the Exhibit referenced in paragraph 127 contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127.

128.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.    Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132. Tempe Defendants admit that the Exhibit referenced in paragraph 132 contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

133. Tempe Defendants admit that the Exhibit referenced in paragraph 133 contains the quoted language. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133.

134. Tempe Defendants deny the allegation that Tempe P.D. did not know of the Driver's presence at Tempe Tavern prior to the November 2025 enforcement action. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134.

135. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

**Alleged Harm to Tempe Tavern**

136. Tempe Defendants deny the allegations in paragraph 136.

137. Tempe Defendants deny the allegations in paragraph 137.

138. Tempe Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

**<u>Count One</u>**
**Violation of Plaintiff's right to equal protection under the First and Fourteenth Amendments to the Constitution of the United States**
**(All Defendants)**

139. Tempe Defendants reallege the foregoing averments and allegations.

17

140.    Tempe Defendants admit the allegations in paragraph 140.

141.    Tempe Defendants admit the quoted language accurately reflects a portion of the cited statute in paragraph 141. Tempe Defendants deny any allegation that they violated the law. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 141.

142.    Tempe Defendants deny any allegation that they violated the law. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 142.

143.    Tempe Defendants deny the allegations in paragraph 143.

144.    Tempe Defendants deny the allegations in paragraph 144.

145.    Tempe Defendants deny the allegations in paragraph 145.

146.    Tempe Defendants deny the allegations in paragraph 146.

147.    Tempe Defendants deny the allegations in paragraph 147.

148.    Tempe Defendants deny the allegations in paragraph 148.

149.    Tempe Defendants deny the allegations in paragraph 149.

**Count Two**
**Violation of Plaintiff's Right to Due Process Prior to Deprivation of Property**
**(All Defendants)**

150.    Tempe Defendants reallege the foregoing averments and allegations.

151.    Responding to paragraph 151, Tempe Defendants admit that the Fourth and Fourteenth Amendments to the U.S. Constitution provide certain protections to an individual's right to property and prohibit certain deprivations of property without due process. Tempe Defendants lack knowledge or information sufficient to form a belief about

the truth of any remaining allegations in paragraph 151.

152. Responding to paragraph 152, Tempe Defendants admit that the paragraph contains quoted language from case law. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 152.

153. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153.

154. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.

155. Tempe Defendants deny the allegations in paragraph 155.

156. Tempe Defendants deny the allegations in paragraph 156.

157. Tempe Defendants deny the allegations in paragraph 157.

158. Tempe Defendants deny the allegations in paragraph 158.

**Count Three**
**Civil Conspiracy Under 42 U.S.C. § 1985**
**(All Defendants)**

159. Tempe Defendants reallege the foregoing averments and allegations.

160. Tempe Defendants deny the allegations in paragraph 160.

161. Tempe Defendants deny the allegations in paragraph 161.

162. Tempe Defendants deny the allegations in paragraph 162.

163. Tempe Defendants deny the allegations in paragraph 163.

164. Tempe Defendants deny the allegations in paragraph 164.

\ \ \

## Count Four
### False Light, Invasion of Privacy, and Right to Privacy
**(City of Tempe, Kenneth McCoy, and Erik Hernandez)**

165.    Tempe Defendants reallege the foregoing averments and allegations.

166.    Responding to paragraph 166, Tempe Defendants admit that the paragraph contains quoted language from case law. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 166.

167.    Tempe Defendants deny the allegations in paragraph 167.

168.    Tempe Defendants deny the allegations in paragraph 168.

169.    To the extent alleged, Tempe Defendants deny any alleged wrongdoing in paragraph 169. Moreover, paragraph 169 is vague and ambiguous regarding what "facts" Tempe knew and/or knows. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 169.

170.    Tempe Defendants deny the allegations paragraph 170.

171.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

172.    Tempe Defendants deny the allegations in paragraph 172.

173.    Tempe Defendants deny the allegations in paragraph 173.

## Count Five
### Defamation
**(City of Tempe, Kenneth McCoy, and Erik Hernandez)**

174.    Tempe Defendants reallege the foregoing averments and allegations.

175.    Responding to paragraph 175, Tempe Defendants admit that the paragraph contains quoted language from case law. Tempe Defendants lack knowledge or information

20

sufficient to form a belief about the truth of any remaining allegations in paragraph 175.

176.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.

177.    Tempe Defendants deny the allegations in paragraph 177.

178.    Tempe Defendants deny the allegations in paragraph 178.

179.    Tempe Defendants deny the allegations in paragraph 179.

**Count Six**
**Violation of Tempe Tavern's Rights Under the First Amendment**
**(Ben Henry, Luis Samudio, and Filbert Barrera)**

180.    Tempe Defendants reallege the foregoing averments and allegations.

181.    Responding to paragraph 181, Tempe Defendants admit that the paragraph contains quoted language from case law. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 181.

182.    Responding to paragraph 182, Tempe Defendants admit that the paragraph contains quoted language from case law. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 182.

183.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 183.

184.    Tempe Defendants deny the allegation that there has been a defamatory smear campaign. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 184.

185.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 185.

186.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 186.

187.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 187.

188.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 188.

189.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 189.

<u>Count Seven</u>
**False Light, Invasion of Privacy, and Right to Privacy**
**(Ben Henry, Luis Samudio, and Filbert Barrera)**

190.    Tempe Defendants reallege the foregoing averments and allegations.

191.    Tempe Defendants deny the allegations in paragraph 191.

192.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 192.

193.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 193.

194.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 194.

195.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195.

196.    Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegatons in paragraph 196.

22

## Count Eight
### Defamation
**(Ben Henry, Luis Samudio, and Filbert Barrera)**

197. Tempe Defendants reallege the foregoing averments and allegations.

198. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 198.

199. Tempe Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 199.

200. Tempe Defendants deny any and all allegations in the Complaint not expressly admitted herein.

## Affirmative Defenses

Tempe Defendants allege the following affirmative defenses:

201. The Complaint fails to state a claim for relief that can be granted as against Tempe Defendants.

202. Plaintiff's Complaint is barred in whole or in part by A.R.S. § 12-712.

203. Plaintiff's Complaint is barred to the extent it failed to comply with A.R.S. § 12-821.01.

204. The City is entitled to absolute immunity under A.R.S. § 12-820.01.

205. Plaintiff's Complaint is barred, in whole or in part, because Tempe Defendants are protected by qualified immunity pursuant to A.R.S. § 12-820.02.

206. Plaintiff's punitive damages claims are barred by A.R.S. § 12-820.04.

207. Plaintiff's Complaint is barred, in whole or in part, because Tempe Defendants are protected by immunities under state law.

23

208.    Tempe Defendants are entitled to common law qualified immunity.

209.    Plaintiff's claim for violation of Due Process (Count Two) is not ripe for judicial review because no deprivation of a protected property interest has occurred.

210.    The City is not liable under 42 U.S.C. § 1983 because any alleged constitutional violations were not the result of an official policy, a long-standing custom, or the decision of a final municipal policymaker.

211.    Plaintiff's claims for defamation and false light (Counts Four and Five) are barred because any statements made by City representatives were factually and/or substantially true. Further, such statements are protected by absolute or qualified privilege as they were made in the proper discharge of official duties or during official proceedings.

212.    Tempe Defendants' actions were at all times supported by legal justification and/or probable cause.

213.    Plaintiff's claims are barred, in whole or in part, because the Tempe Defendants' acts and/or omissions were not the proximate cause of Plaintiff's claimed damages.

214.    Plaintiff failed to mitigate its damages.

215.    Plaintiff's claimed damages, if any, are the result of an intervening and/or supervening cause.

216.    Pursuant to A.R.S. § 12-2501 et seq., the relative degrees of fault of all parties, non-parties, other persons or other entities must be determined and apportioned as a whole at one time by the trier of fact.  Such parties, non-parties, persons or entities are wholly or partially at fault in causing the injuries and damages alleged by Plaintiff.

24

217. Tempe Defendants reserve the right to assert any additional defenses that become available through discovery or further investigation.

Having fully answered the Second Amended Complaint, Tempe Defendants request that judgment be granted in their favor, that Plaintiff take nothing, and that Tempe Defendants be awarded their costs and attorney's fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 22nd day of May, 2026.

*/s/ Jason J. Boblick*
Sarah R. Anchors
Jason J. Boblick
CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
PO Box 5002
Tempe, Arizona 85280
*Attorneys for Tempe Defendants*

25

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served via CM/ECF on the following registrants:

Timothy A. La Sota
TIMOTHY A. LA SOTA, PLC
2198 East Camelback Road, Suite 305
Phoenix, Arizona 85016
tim@timlasota.com
*Attorneys for Plaintiff*

*/s/ Cheongsil Byun*