Kristin K. Mayes
Attorney General

Byron J. Babione (024320)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona  85004-1592
Telephone: (602) 542-7690
Fax: (602) 542-3393
DefensePhx@azag.gov
Byron.babione@azag.gov

*Attorney for State Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tempe Tavern 1810, LLC, | Case No. CV26-01272-PHX-SMB |
| Plaintiff, | |
| v. | **DEFENDANTS LOUIS SAMUDIO, BEN HENRY, AND FILBERT BARRERA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| City of Tempe, et al., | |
| Defendants. | |

Defendants Ben Henry, Luis Samudio, and Filbert Barrera ("State Defendants"), through undersigned counsel, answer the Second Amended Complaint (Doc. 26, 31-1), to admit, deny, and allege as follows.  This Answer incorporates the headings and correspondents to the paragraph numbers of the Second Amended Complaint.

**PRELIMINARY STATEMENT**

1.     State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.  State Defendants deny any liability asserted in paragraph 1.

2.     State Defendants admit that a bar/restaurant called Tempe Tavern is located near McClintock Road and Apache Boulevard in Tempe, Arizona, which is near Arizona State University's Tempe campus.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.     State Defendants deny the allegations in paragraph 3.

4.      State Defendants admit that two enforcement actions occurred at Tempe Tavern in 2025.  State Defendants deny the allegation of selective enforcement.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      State Defendants deny the allegations in paragraph 5.

6.      State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      State Defendants admit Tempe Tavern accepted a form of identification that is unacceptable.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      State Defendants deny that Tempe Tavern shared the same circumstances as other establishments at the relevant times and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.      State Defendants deny that Tempe Tavern had nothing to do with the fatal accident referenced and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9.

10.     State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     State Defendants deny the allegations in paragraph 11.

12.     State Defendants deny that Plaintiff is entitled to any damages or attorney's fees as alleged in paragraph 12.

## JURISDICTION AND VENUE

13.     State Defendants admit that Plaintiff is attempting to bring various claims against certain defendants in this lawsuit.  State Defendants deny those claims and allegations set forth in paragraph 13.

/ / /

/ / /

2

14. State Defendants admit Plaintiff is attempting to bring various claims against certain defendants in this lawsuit. State Defendants deny those claims and all allegations set forth in paragraph 14.

15. State Defendants admit only that the Court has subject matter jurisdiction over federal claims.

16. State Defendants admit that the Court may have supplemental jurisdiction over Tempe Tavern's claims.

17. State Defendants admit that venue is proper.

## PARTIES

18. State Defendants admit the allegations in paragraph 18.

19. State Defendants admit the allegations in paragraph 19.

20. State Defendants admit the allegations in paragraph 20.

21. State Defendants admit the allegations in paragraph 21.

22. State Defendants admit the allegations in paragraph 22.

23. Upon information and belief, State Defendants admit that Erik Hernandez is a Lieutenant with the Tempe Police Department and that Lieutenant Hernandez participated in the 2025 investigations of Tempe Tavern and took some videos and photos during one or both of the investigations, some of which were included in one or more social media posts. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. State Defendants admit that Defendant Luis Samudio is or was a Lieutenant with the DLLC and on information and belief, admit he was the highest ranking DLLC official present at the 2025 operations at Tempe Tavern.

25. State Defendants admit the allegations in paragraph 25.

26. State Defendants admit the allegations in paragraph 26.

27. State Defendants, upon information and belief, admit the allegations in paragraph 27.

28.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

## FACTS

### Plaintiff's Business Operations

29.    State Defendants admit that Plaintiff operates a lawful establishment but denies that Plaintiff always operates lawfully.

30.    State Defendants deny Plaintiff always adequately inspects for patrons' ages or that underage patrons are not admitted.

31.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.    Upon information and belief, State Defendants admit Plaintiff maintains some form of protocol.

33.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    State Defendants admit only that Plaintiff must rely on its liquor license to sell alcohol to patrons and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

### March 22, 2025 Action

36.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

/ / /

4

39.    Upon information and belief, State Defendants admit that a number of Tempe Police Department officers may have entered the premises.

40.    Upon information and belief, State Defendants admit the allegation in paragraph 40.

41.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.    Responding to paragraph 42, State Defendants lack knowledge or information sufficient to form a belief as to whether Tempe Police presented a warrant. State Defendants, upon information and belief, believe that arrests and citations occurred.

43.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

### April 24, 2025 Enforcement Action

44.    State Defendants admit that an operation at Tempe Tavern involving the Tempe Police Department and the Arizona Department of Liquor Licensing and Control occurred on or about April 24, 2025.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

45.    State Defendants admit the allegations in paragraph 45.

46.    State Defendants admit the allegations in paragraph 46.

47.    Upon information and belief, State Defendants admit the allegations in paragraph 47.

48.    State Defendants admit the allegations in paragraph 48.

49.    Upon information and belief, State Defendants admit the allegations in paragraph 49.

50.    State Defendants deny the allegations as stated in paragraph 50.

51.    State Defendants deny that there was only one violation in relation to underage drinking and lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

5

52.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

<strong>April 30, 2025 Code Compliance Notice</strong>

55.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

56.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.    State Defendants are not required to answer this paragraph as it appears to assert a legal conclusion and to the extent an answer is required deny that Plaintiff suffered unequal treatment with respect to other establishments and therefor deny the truth of the allegations in paragraph 58.

<strong>May 2025 Enforcement Grant</strong>

59.    State Defendants admit that DLLC receives enforcement grants to perform their duties, including enforcement against underage drinking.

60.    State Defendants admit that it could have received grant money prior in time to the enforcement activity against Plaintiff.

61.    State Defendants admit that further investigation of Tempe Tavern occurred in 2025.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

/ / /

/ / /

62. State Defendants deny that Tempe Tavern was similarly situated to other establishments with respect to the need for enforcement and deny that Plaintiff suffered unequal treatment under the law with respect to similarly situated establishments.

63. State Defendants do not understand the meaning of "uniquely targeted" but admit Plaintiff was investigated based on evidence known to DLLC and at this time lacks information to say whether and to what extent grant money was used to investigate and carry out enforcement action directed at Plaintiff. State Defendants deny any remaining allegations in paragraph 63.

**November 20, 2025 Enforcement Action**

64. State Defendants admit that an enforcement action at Tempe Tavern involving the Tempe Police Department occurred on or about November 20, 2025, and that the Arizona Department of Liquor Licensing and Control was also involved. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64.

65. State Defendants admit the allegations in paragraph 65.

66. State Defendants admit the allegations in paragraph 66.

67. State Defendants admit the allegations in paragraph 67.

68. State Defendants deny the allegations in paragraph 68.

69. State Defendants lack of knowledge or information to form a belief as to the truth of the allegations in paragraph 69.

70. State Defendants deny the allegations in paragraph 70.

71. State Defendants lack sufficient knowledge to form a belief as to the truth of this particular citation.

72. State Defendants deny the allegations in paragraph 72. Upon information and belief, Tempe Municipal Court Case No: 26-028419-3 contains three separate security plan violation complaints. The case status is currently reflected as open.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

73.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the specifics of these allegations and therefore the remaining allegations in paragraph 75.

76.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the specifics of these allegations and therefore the remaining allegations in paragraph 76.  State Defendants deny knowledge of any internet posting claiming Plaintiff was responsible for the death that occurred on September 2025.

77.    Upon information and belief, State Defendants admit the allegations in paragraph 77.

78.    State Defendants admit the allegation that the "Driver had been at Tempe Tavern previously that night."  State Defendants deny the allegation that "Tempe Tavern had nothing to do with this tragic collision."  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78.

79.    State Defendants lack knowledge or information sufficient to form a belief as to deny the allegations in paragraph 79.

80.    State Defendants are not required to answer this paragraph as it appears to assert legal conclusions and to the extent an answer is required deny knowledge of any defamatory reports that placed Tempe Tavern in a false light.  State Defendants deny the remaining allegations in paragraph 80.

/ / /

8

81.    State Defendants admit that Detective Robles wrote a report about the hit-and-run fatality and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

82.    State Defendants deny the allegations in paragraph 82.

83.    Paragraph 83 is ambiguous regarding what "statements" are being referenced. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.    State Defendants are not required to answer this paragraph as it appears to assert legal conclusions and to the extent an answer is required State Defendants deny the allegations in paragraph 84.

**Police Reports Requests and Delays and the DLLC Report**

85.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

88.    State Defendants deny the allegation that DLLC did not know that the Driver had been at Tempe Tavern on the night of September 13 and the morning of September 14 at the time they organized and/or conducted the enforcement action. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88.

89.    State Defendants deny the allegations in paragraph 89.

90.    State Defendants admit that Tempe Tavern made a records request to DLLC and deny remaining allegations in paragraph 90.

91.    State Defendants admit the allegation in paragraph 91.

92.    State Defendants admit the allegations in paragraph 92.

9

93.    State Defendants admit that the superseded complaint contained various allegations, which are denied, against the City of Tempe and DLLC.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.    State Defendants deny the allegations in paragraph 94.

95.    State Defendants admit only that multiple media outlets made public records requests from DLLC about Tempe Tavern in connection with its enforcement action and denies the remaining allegations in paragraph 95.

96.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.    State Defendants admit that Exhibit 4 of paragraph 97 is a copy of the Laura Deaver email sent to Annie McKinney about the Tempe Tavern records request and deny the remaining allegations of in paragraph 97.

98.    State Defendants admit that La Sota emailed McKinney as described in paragraph 98.

99.    State Defendants admit that Mr. La Sota sent an email to Ms. McKinney as quoted in paragraph 99.

100.    State Defendants admit that Gino Duran sent an email to Tempe Tavern's legal counsel as quoted in paragraph 100 and affirmatively admit the truth of the quoted material.

101.    State Defendants admit only that La Sota sent an email to Gino Davis as quoted in paragraph 101, but deny the truth of the accusations in the quoted material in paragraph 101.

102.    State Defendants admit the allegations in paragraph 102.

103.    State Defendants admit only that some media ran reports, but lack knowledge or information sufficient to form a belief as to the truth of the specific news reports alleged to have been "trashing Tempe Tavern" in paragraph 103.

10

104.    State Defendants admit only that DLLC disclosed the report to Tempe Tavern in due course and deny the remaining allegations of paragraph 104.

105.    State Defendants admit that Ms. McKinney sent the email to Rob Tasso and La Sota as quoted in paragraph 105 stating that documents were sent yesterday morning and that the final report was being sent but deny the remaining allegations in paragraph 105.

106.    State Defendants admit that the report was being sent in due course and deny any allegations suggesting this was done deliberately "after the smear was completed" and deny the remaining allegations in paragraph 106.

**DLLC Report**

107.    Responding to paragraph 107, State Defendants admit that a 19-year-old student at Arizona State University collided with a motorcyclist resulting in the motorcyclist's death.  State Defendants admit that Tempe Police Department created a report regarding the collision.  State Defendants admit that the report was available by February 13, 2026.  State Defendants deny that the report concluded that alcohol was not a factor in the collision.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107.

108.    State Defendants assert that the meaning of investigating "a non-DUI traffic citation" is ambiguous but affirmatively allege that it will investigate incidents relevant to its enforcement goals and deny the remaining allegations in paragraph 108.

109.    State Defendants deny the allegations as they are stated in paragraph 109 and affirmatively alleges that it is reasonable to conclude that serving alcohol to an underage patron was a contributing factor to the motorcyclist's death.

110.    State Defendants deny the DLLC Report contains any fabrications and admit that the cited language is contained in the DLLC Report.

111.    State Defendants admit the allegation in paragraph 111 that text within the police report contains the quoted language.  State Defendants deny the allegation that the

11

quoted language was a "finding".  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112.  State Defendants deny the allegation that the police report reaches any conclusions regarding "fault" as alleged in paragraph 112.  State Defendants admit that a text within the police report states that the motorcycle failed to control its speed and rear ended a northbound Waymo and that the motorcyclist ended up in the northbound lane and that Ms. Bellowe's vehicle then collided with the motorcyclist.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112.

113.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.  State Defendants admit the allegations in paragraph 114.

115.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.  State Defendants deny the allegations as stated in paragraph 116.

117.  Responding to paragraph 117, State Defendants admit that the DLLC report appended to the Second Amended Complaint contains the quoted language.  State Defendants deny that the quoted statements from the DLLC Report are obvious fabrications or false statements.  State Defendants affirmatively allege the truth of the quoted statements.  State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

118.  State Defendants deny the Report contains a fabrication and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118.

119.  State Defendants deny the allegation in paragraph 119.

120.  State Defendants admit the quoted language in the DLLC report and denies the remaining allegations in paragraph 120.

12

121.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.    State Defendants deny the allegations in paragraph 122.

123.    Responding to paragraph 123, State Defendants admit that the DLLC report appended to the Second Amended Complaint contains the quoted language. State Defendants affirmatively admit the truth of the quotations in paragraph 123.

124.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 as stated because the "various reports" are not identified and admit that some of the patrons may have used fake IDs.

125.    State Defendants admit that the Exhibit referenced in paragraph 125 contains the quoted language.

126.    State Defendants admit that the Exhibit referenced in paragraph 126 contains the quoted language and affirmatively admit that the statements are true.

127.    State Defendants admit that the Exhibit referenced in paragraph 127 contains the quoted language but deny the allegations in DLLC Report quoted in paragraph 126 is a fabrication.

128.    State Defendants admit the allegations in paragraph 128.

129.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.    State Defendants deny DLLC broke its commitment and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    State Defendants admit that Tempe Tavern notified DLLC that it would not appear for the subsequent interview and deny the remaining allegations in paragraph 131.

132.    State Defendants admit that the Exhibit referenced in paragraph 132 contains the quoted language. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

13

133.    State Defendants admit that the Exhibit referenced in paragraph 133 contains the quoted language but deny that it contradicts the quoted language in paragraph 132.

134.    State Defendants deny the allegations in paragraph 134.

135.    State Defendants deny the allegations in paragraph 135.

**Alleged Harm to Tempe Tavern**

136.    State Defendants deny the allegations in paragraph 136.

137.    Upon information and belief, State Defendants deny the allegations in paragraph 137.

138.    State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

## Count One

**Violation of Plaintiff's right to equal protection under the First and Fourteenth Amendments to the Constitution of the United States**
**(All Defendants)**

139.    State Defendants reallege the foregoing averments and allegations.

140.    State Defendants admit the allegations in paragraph 140.

141.    State Defendants admit the quoted language accurately reflects a portion of the cited statute in paragraph 141.  State Defendants deny any allegation that they violated the law.  State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 141.

142.    State Defendants deny any allegation that they violated the law.  State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 142.

143.    State Defendants deny the allegations in paragraph 143.

144.    State Defendants deny the allegations in paragraph 144.

145.    State Defendants deny the allegations in paragraph 145.

146.    State Defendants deny the allegations in paragraph 146.

14

147. State Defendants deny the allegations in paragraph 147.

148. State Defendants deny the allegations in paragraph 148.

149. State Defendants deny the allegations in paragraph 149.

**Count Two**
**Violation of Plaintiff's Right to Due Process Prior to Deprivation of Property**
**(All Defendants)**

150. State Defendants reallege the foregoing averments and allegations.

151. Responding to paragraph 151, State Defendants admit that the Fourth and Fourteenth Amendments to the U.S. Constitution provide certain protections to an individual's right to property and prohibit certain deprivations of property without due process. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 151.

152. Responding to paragraph 152, State Defendants admit that the paragraph contains quoted language from case law. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 152.

153. State Defendants are not required to answer this paragraph because it states a legal conclusion. To the extent an answer is required, State Defendants deny Plaintiff suffered a loss to any property interest claimed. State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153.

154. State Defendants are not required to answer this paragraph because it states a legal conclusion. To the extent an answer is required, State Defendants deny that Plaintiff suffered a loss to any property interest or goodwill and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.

155. State Defendants deny the allegations in paragraph 155.

156. State Defendants deny the allegations in paragraph 156.

15

157. State Defendants deny the allegations in paragraph 157.

158. State Defendants deny the allegations in paragraph 158.

## Count Three
### Civil Conspiracy Under 42 U.S.C. § 1985
### (All Defendants)

159. State Defendants reallege the foregoing averments and allegations.

160. State Defendants deny the allegations in paragraph 160.

161. State Defendants deny the allegations in paragraph 161.

162. State Defendants deny the allegations in paragraph 162.

163. State Defendants deny the allegations in paragraph 163.

164. State Defendants deny the allegations in paragraph 164.

## Count Four
### False Light, Invasion of Privacy, and Right to Privacy
### (City of Tempe, Kenneth McCoy, and Erik Hernandez)

165. State Defendants reallege the foregoing averments and allegations.

166. Responding to paragraph 166, State Defendants admit that the paragraph contains quoted language from case law. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 166.

167. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167.

168. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168.

169. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 169.

170. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 170.

171. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

16

172. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172.

173. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173.

**Count Five**
**Defamation**
**(City of Tempe, Kenneth McCoy, and Erik Hernandez)**

174. State Defendants reallege the foregoing averments and allegations.

175. Responding to paragraph 175, State Defendants admit that the paragraph contains quoted language from case law. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 175.

176. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.

177. State Defendants deny the allegations in paragraph 177.

178. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178.

179. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179.

**Count Six**
**Violation of Tempe Tavern's Rights Under the First Amendment**
**(Ben Henry, Luis Samudio, and Filbert Barrera)**

180. State Defendants reallege the foregoing averments and allegations.

181. Responding to paragraph 181, State Defendants admit that the paragraph contains quoted language from case law. State Defendants deny they exacted reprisals for Tempe Tavern's protected speech. State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 181.

/ / /

182. Responding to paragraph 182, State Defendants admit that the paragraph contains quoted language from case law. State Defendants deny they have retaliated against Plaintiff for its protected speech. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 182.

183. State Defendants deny the allegation that there exists "various abuses by DLLC" and lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 183.

184. State Defendants deny the allegation that there has been a defamatory smear campaign against or that it acted to chill the exercise of Tempe Tavern's rights. State Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 184.

185. State Defendants deny that they recommended that Tempe Tavern be cited because it filed this lawsuit and deny the remaining the allegations in paragraph 185.

186. State Defendants deny the allegation in paragraph 186 that not a single violation was cited.

187. State Defendants admit that DLLC cited for a violation of accepting an unacceptable form of identification as indicated in Exhibit 3 in paragraph 187 and lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 187.

188. State Defendants deny the allegations in paragraph 188.

189. State Defendants deny the allegations in paragraph 189.

### Count Seven
**False Light, Invasion of Privacy, and Right to Privacy**
**(Ben Henry, Luis Samudio, and Filbert Barrera)**

190. State Defendants reallege the foregoing averments and allegations.

191. State Defendants deny the allegations in paragraph 191.

/ / /

18

192. To the extent alleged, State Defendants deny any alleged wrongdoing in paragraph 192. Moreover, the paragraph is vague and ambiguous regarding what "facts" are known or were known. State Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 192.

193. State Defendants deny the allegations in paragraph 193.

194. State Defendants lack knowledge or information sufficient to form a belief about the truth of any allegations in paragraph 194.

195. State Defendants deny they have subjected Tempe Tavern to a tortious smear campaign and admit they have not subjected others to the same as alleged in paragraph 195.

196. State Defendants deny the allegations in paragraph 196.

## Count Eight
### Defamation
**(Ben Henry, Luis Samudio, and Filbert Barrera)**

197. State Defendants reallege the foregoing averments and allegations.

198. State Defendants deny the allegations in paragraph 198.

199. State Defendants deny the allegation in paragraph 199.

200. State Defendants deny any and all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

State Defendants allege the following affirmative defenses:

201. The Complaint fails to state a claim for relief that can be granted as against State Defendants.

202. Plaintiff's Complaint is barred in whole or in part by A.R.S. § 12-712.

203. Plaintiff's Complaint is barred to the extent it failed to comply with the notice of claim requirements of A.R.S. § 12-821.01.

204. The State is entitled to absolute immunity under A.R.S. § 12-820.01.

/ / /

19

205.    Plaintiff's Complaint is barred, in whole or in part, because State Defendants are protected by qualified immunity pursuant to A.R.S. § 12-820.02.

206.    Plaintiff's punitive damages claims are barred by A.R.S. § 12-820.04.

207.    Plaintiff's Complaint is barred, in whole or in part, because State Defendants are protected by immunities under state law pursuant to § 12-820.05.

208.    State Defendants are entitled to common law qualified immunity.

209.    State Defendants are entitled to absolute and/or qualified immunity under federal and state law because their acts are supported by probable cause, were objectively reasonable and violated none of Plaintiff's clearly established rights.

210.    Plaintiff's claim for violation of Due Process (Count Two) is not ripe for judicial review because no deprivation of a protected property interest has occurred.

211.    To the extent Plaintiff claims that State Defendants are sued in their official capacity under 42 U.S.C. § 1983, the claims are barred by the 11th Amendment and also barred because official capacity suits are suits against a state, and states are not persons that can be sued under the statute.

212.    Plaintiff's claims for false light and defamation (Counts Seven and Eight) are barred because any statements made by State Defendants were factually and/or substantially true.  Further, such statements are protected by absolute or qualified privilege as they were made in the proper discharge of official duties or during official proceedings and were not published within the meaning required to prove defamation since the statements were released to the public under law.

213.    State Defendants' actions were at all times supported by legal justification and/or probable cause.

214.    Plaintiff's claims are barred, in whole or in part, because the State Defendants' acts and/or omissions were not the proximate cause of Plaintiff's claimed damages.

215.    Plaintiff failed to mitigate its damages.

20

216. Plaintiff's claimed damages, if any, are the result of an intervening and/or supervening cause.

217. Pursuant to A.R.S. § 12-2501 et seq., the relative degrees of fault of all parties, non-parties, other persons or other entities must be determined and apportioned as a whole at one time by the trier of fact.  Such parties, non-parties, persons or entities are wholly or partially at fault in causing the injuries and damages alleged by Plaintiff.

218. The injuries and damages by Plaintiff are solely the result of his own acts or omissions.

219. The injuries and damages by Plaintiff were caused and proximately caused by the acts or omissions of others, including non-parties at fault.

217. Ongoing administrative proceedings regarding Plaintiff's liquor license and following administrative proceedings require a stay of this civil proceedings under the Younger abstention doctrine because similar and the same issues present here are at issue in the administrative matter.

218. State Defendants reserve the right to assert any additional defenses, avoidance, or set-offs that become available through discovery or further investigation.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., State Defendants demand a jury trial.

WHEREFORE, State Defendants having fully answered Plaintiff's Second Amended Complaint,  pray for the following relief:

1. Dismissal of Plaintiff's Second Amended Complaint with prejudice.

2. Entry of judgment in favor of State Defendants, and that  Plaintiff takes nothing.

3. Grant State Defendants their reasonable costs of suit and attorney's fees incurred herein.

/ / /

/ / /

4.      Grant any other and further relief that this Court deems just and proper.

Dated this 9th day of July, 2026.

Kristin K. Mayes
Attorney General

s/Byron J. Babione
Byron J. Babione
Assistant Attorney General
*Attorney for State Defendants*

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants on this 9th day of July, 2026:

Timothy A. La Sota
Timothy A. La Sota, PLC
2198 E. Camelback Rd., Ste. 305
Phoenix, Arizona 85016
tim@timlasota.com
*Attorney for Plaintiff*

Jason Boblick
Sarah Anchors
Tempe City Attorney's Office
21 E. Sixth St., Ste. 201
Tempe, AZ 85281
Jason_boblick@tempe.gov
Sarah_Anchors@tempe.gov
*Attorneys for City of Tempe,*
*Eric Hernandez, and Kenneth McCoy*

By: s/Jill Lafornara

22