ERIC C. ANDERSON #016114
SARAH R. ANCHORS #025344
JASON J. BOBLICK #026507
**TEMPE CITY ATTORNEY'S OFFICE**
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov
Sarah_Anchors@tempe.gov
Jason_Boblick@tempe.gov
*Attorneys for Tempe Defendants*

City Attorney' s Office
21 East Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tempe Tavern 1810 LLC, an Arizona limited liability company,<br><br>Plaintiff,<br>v.<br><br>City of Tempe, a municipal corporation; Kenneth McCoy, in his individual capacity; Eric Hernandez, in his individual capacity; Luis Samudio, in his individual capacity; Ben Henry, in his individual capacity; Filbert Barrera, in his individual capacity; Juan Robles, in his individual capacity; and Does 1-50, in their individual capacities,<br><br>Defendants. | Case No. 2:26-cv-01272-PHX-SMB<br><br>**Defendants' Joint Motion to Stay on *Younger* Abstention Grounds** |

Defendants City of Tempe, Kenneth McCoy, Eric Hernandez, and Juan Robles (collectively, "Tempe Defendants"), and Defendants Luis Samudio, Ben Henry, and Filbert Barrera (the "State Defendants") (Tempe Defendants and State Defendants are collectively referred to as Defendants) jointly move to stay this action under *Younger v. Harris* 401 U.S. 37 (1971) and its progeny. The ongoing state proceedings directly concerning Plaintiff

Tempe Tavern 1810, LLC ("Tempe Tavern") and the conduct challenged in this action are pending in two forums: criminal proceedings in the Tempe Municipal Court and a liquor license disciplinary proceeding before the Arizona Office of Administrative Hearings ("OAH"). These proceedings implicate important governmental interests in enforcing Arizona's liquor laws and the City's laws governing the operation and safety of establishments within the City. Plaintiff's federal claims, in turn, substantially overlap with the conduct and enforcement actions at issue in those proceedings. Allowing this action to proceed while those proceedings remain pending would risk precisely the interference with state judicial and administrative enforcement proceedings that *Younger* is intended to prevent.

The grounds supporting this motion are set forth more fully in the following Memorandum of Points and Authorities.[1]

**Memorandum of Points and Authorities**

## I. Relevant Facts

There are three categories of ongoing and related actions at issue: the civil action before this Court; two criminal actions in Tempe Municipal Court; and an administrative action before the State of Arizona's Office of Administrative Hearings ("OAH").

### A. The Civil Action

Tempe Tavern filed the original complaint in this action in the United States District Court for the District of Arizona on February 23, 2026. [Doc. 1.] Tempe Tavern filed its

[1] Defendants attempted to confer with Plaintiff regarding the requested stay by email on November 5, 2026, and asked whether Plaintiff would stipulate to a stay pending resolution of the criminal and administrative court proceedings. Plaintiff's counsel has not responded as of the filing of this Motion.

First Amended Complaint on March 31, 2026 [Doc. 15], and its Second Amended Complaint ("SAC") on April 30, 2026 [Doc. 26], followed again by the SAC and its referenced exhibits on May 13, 2026. [Doc. 31-1.] A significant portion of the SAC addresses and regards the November 20, 2025 enforcement action. [*See, e.g.,* Doc. 31-1 at ¶¶ 5, 64–84.] The Tempe Defendants filed their Answer to the SAC on May 22, 2026. [Doc. 34.] The State Defendants filed their Answer to the SAC on July 9, 2026. [Doc. 35.] The Court entered its Case Management Order on August 25, 2026. [Doc. 40.] The Court did not conduct a case management conference or hearing before entering the Case Management Order. On September 11, 2026, Plaintiff served written discovery on Defendants. [*See* Docs. 41, 42.] As of the date this filing, this Court has not ruled on any substantive motion or otherwise addressed the merits of Plaintiff's claims.

**B. The Criminal Actions**

On April 8, 2026, the State filed a criminal complaint against Tempe Tavern in Tempe Municipal Court alleging that Tempe Tavern failed to comply with its security plan in violation of Tempe City Code ("T.C.C.") § 26-70(L)(2) (Case No. 26-028419-3) (the "Security Plan Violation Complaint"). *See* Security Plan Violation Complaint, attached hereto as Exhibit 1. The Security Plan Violation Complaint alleges that the violation occurred on or about November 20, 2025, at Tempe Tavern.

On August 26, 2026, the State subsequently filed a second criminal complaint against Tempe Tavern in the same action charging criminal nuisance in violation of A.R.S. § 13-2908(A)(1) (the "Criminal Nuisance Complaint"). *See* Criminal Nuisance Complaint,

attached hereto as Exhibit 2. The Criminal Nuisance Complaint likewise alleges that the criminal conduct occurred on or about November 20, 2025, at or near Tempe Tavern.

The criminal charges were previously set for trial on October 22, 2026. Plaintiff and the State agreed to continue the trial, which is now set for February 26, 2027. *See* Summons, dated October 21, 2026, attached hereto as Exhibit 3.

**C. The Administrative Action**

On September 23, 2026, the Arizona Department of Liquor Licenses and Control ("DLLC") filed a Complaint and Notice of Hearing against Tempe Tavern with the OAH concerning Tempe Tavern's liquor license (OAH Docket No. 26A-000036-LIQ) (the "OAH Complaint"). *See* OAH Complaint, attached hereto as Exhibit 4. The OAH proceeding remains pending and was initially set for hearing on November 12, 13, and 16, 2026. *See id.* at 2:4–6. However, Plaintiff asked that the OAH hearing be continued so the November hearing is not expected to go forward.

The OAH Complaint arises in substantial part from the same November 20–21, 2025 enforcement operation underlying the municipal criminal proceedings and the civil action. Among other allegations concerning that operation, the OAH Complaint alleges that more than 200 underage individuals used fictitious identification to gain entry to Tempe Tavern; that an underage patron was observed visibly intoxicated inside the premises; and that approximately 250 to 280 individuals were present despite a legal occupancy limit of 169. *See id.* ¶ 9. The OAH Complaint further alleges that, during the November 20–21, 2025 investigation, Tempe Tavern violated multiple provisions of Arizona's liquor laws and seeks discipline against Tempe Tavern's liquor license, including under A.R.S. §§ 4-

210(A)(2), (7), (9), and (10), 4-119, 4-241(A), and 4-244(2), (14), and (22). *See id.* ¶¶ 12–20.

On October 26, 2026, the DLLC filed a Motion to Admit Factual Allegations and Allegations of Violations Against Respondent [Tempe Tavern] Due to Respondent's Failure to Answer the Department's Complaint as Required Under A.R.S. § 4-201(G) ("Motion to Admit Factual Allegation"). *See* Motion to Admit Factual Allegations, attached hereto as Exhibit 5. As of the date of this filing, Tempe Tavern has not responded to the Motion to Admit Factual Allegations, which remains pending.

**II. The *Younger* abstention doctrine requires a stay of this action.**

The *Younger* abstention doctrine requires federal courts to refrain from interfering with ongoing criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 41, 43–44 (1971). The United States Supreme Court extended *Younger* abstention to state administrative proceedings. *Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986). Abstention is appropriate where: (1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; and (3) the federal plaintiff has an adequate opportunity to raise its federal claims in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758–59 (9th Cir. 2014). Here, Tempe Tavern is subject to ongoing criminal proceedings in Tempe Municipal Court and an ongoing liquor license disciplinary proceeding before the Arizona Office of Administrative Hearings ("OAH"). Those proceedings implicate important governmental interests in regulating the use and impact of alcohol consumption in the State of Arizona. Tempe Tavern obviously has an opportunity

to raise federal constitutional and statutory defenses in the criminal proceedings. Likewise, Tempe Tavern has an opportunity to raise federal issues in the administrative proceedings. Arizona administrative agencies "may apply constitutional doctrines when resolving claims." *Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 422 (2022). Additionally, under A.R.S. § 41-1092.08(H), parties may seek judicial review in Superior Court of final administrative decisions. The Superior Court "shall decide all questions of law, including the interpretation of a constitutional or statutory provision or a rule adopted by an agency, without deference to any previous determination that may have been made on the question by the agency." A.R.S. § 12-910 (F).

All three requirements for an abstention stay have been met.

Permitting this action to proceed while the state proceedings remain pending would interfere with the State's ongoing enforcement efforts and undermine the principles of comity and federalism underlying *Younger*. Plaintiff's federal claims substantially challenge the same enforcement conduct and events on November 20, 2025, that form the basis of the pending criminal and administrative proceedings. Resolving those claims in this Court while the state proceedings are ongoing would require this Court to adjudicate issues intertwined with and already in front of the state tribunals and might produce conflicting determinations.

That the federal action was filed before the OAH proceeding does not alter that conclusion. The Ninth Circuit has expressly held that the federal and state proceedings need not be initiated in the same order for *Younger* to apply. Rather, a state proceeding initiated after the federal action may support abstention if it commenced before the federal

proceedings advanced beyond an embryonic stage through proceedings of substance on the merits. *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023). "State proceedings are ongoing for the purposes of *Younger* abstention if they are initiated before any proceedings of substance on the merits have taken place in the federal court." *Id.* (internal quotations omitted).

When DLLC filed the OAH Complaint on September 23, 2026, this Court had entered a Case Management Order but had not conducted a conference or hearing, ruled on a substantive motion, resolved a discovery dispute, or otherwise engaged with the merits. Although Plaintiff had served written discovery, responses were not yet due. Thus, the federal action had not progressed beyond the embryonic stage when the OAH proceeding commenced.

Because Plaintiff seeks damages as well as declaratory and injunctive relief and the civil action remains in its embryonic stage, the appropriate remedy for claims subject to *Younger* is a stay. *Gilbertson v. Albright*, 381 F.3d 965, 982–83 (9th Cir. 2004).

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court stay this action under *Younger* and its progeny pending resolution of the criminal proceedings in Tempe Municipal Court and the administrative proceeding before the Arizona Office of Administrative Hearings, and grant such other relief as the Court deems just and proper. Defendants do not seek this stay to prolong this action indefinitely. It is brought in good faith, demanded by comity, and to avoid inconsistent findings and rulings between the state tribunals and this federal court that are common to these actions. Should the Court grant a

stay, Defendants will periodically inform it of the status of the ongoing state proceedings. Defendants suggest that the Court order the filing of a status report every 90 days.

Respectfully submitted this 9th day of November, 2026.

TEMPE CITY ATTORNEY'S OFFICE

*/s/ Jason J. Boblick*
Sarah R. Anchors
Jason J. Boblick
21 E. Sixth Street, Suite 201
PO Box 5002
Tempe, Arizona 85280
*Attorneys for Tempe Defendants*

KRISTIN K. MAYES ARIZONA ATTORNEY GENERAL

/s/ *Byron J. Babione with permission*
Byron J. Babione
J. Cole Hernandez
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, AZ 85004
*Attorneys for State Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and a true and correct copy of the foregoing was served via CM/ECF on the following registrants:

Timothy A. La Sota
TIMOTHY A. LA SOTA, PLC
2198 East Camelback Road, Suite 305
Phoenix, Arizona 85016
tim@timlasota.com
*Attorneys for Plaintiff*

Ross P. Meyer
Morgan E. Silva
Enara Law PLLC
2150 E. Highland Ave., Suite 212
Phoenix, Arizona 85016
Ross@Enaralaw.com
Morgan@Enaralaw.com
Filings@EnaraLaw.com
*Attorneys for Plaintiff*

Byron J. Babione
J. Cole Hernandez
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
Byron.Babione@azag.gov
Cole.Hernandez@azag.gov
*Attorneys for State Defendants*

*/s/ Cheongsil Byun*