# Exhibit 1

**Defendant: TEMPE TAVERN 1810 LLC**
**D.O.B.:**
**Address: c/o Statutory AgentRobert Tasso**
**2516 W Monte Ave**
**Mesa, AZ 85202**

**TEMPE MUNICIPAL COURT**
**COUNTY OF MARICOPA, STATE OF ARIZONA**

| | |
|---|---|
| **STATE OF ARIZONA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TEMPE TAVERN 1810 LLC,**<br>**Defendant.** | **Case No: 26-028419-3**<br><br>**CRIMINAL COMPLAINT**<br>**I.R.: 25-121688**<br>**Violation of:**<br>**T.C.C. 26-70L2 Security Plan - Failure to Comply**<br>**Count A** |

**COMPLAINANT** upon knowledge, information or belief, alleges that one **TEMPE TAVERN 1810 LLC**, on or about **NOVEMBER 20, 2025** in the said City of Tempe, County and State Aforesaid, has committed a Misdemeanor as follows: To-Wit:

At Tempe Tavern 1810 E Apache Blvd, Tempe Maricopa County, Arizona, Defendant failed to comply with the terms and conditions of the approved security plan, to wit: Sec. IV(2)(a) Maximum Occupancy, in violation of T.C.C. § 26-70(L)(2), a class 1 misdemeanor.

All of which is contrary to the form of the ARIZONA STATUTES or TEMPE CITY CODE in such cases made and provided, and against the peace and dignity of the CITY OF TEMPE and the said STATE OF ARIZONA.

Complainant

04/08/2026
Date

'

Disposition ____________________ Date ____________ Judge's Initials ______________

**Defendant: TEMPE TAVERN 1810 LLC**
**D.O.B.:**
**Address: c/o Statutory Agent Robert Tasso**
**2516 W Monte Ave**
**Mesa, AZ 85202**

**TEMPE MUNICIPAL COURT**
**COUNTY OF MARICOPA, STATE OF ARIZONA**

| | |
|---|---|
| **STATE OF ARIZONA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TEMPE TAVERN 1810 LLC,**<br>**Defendant.** | **Case No: 26-028419-3**<br><br>**CRIMINAL COMPLAINT**<br>**I.R.: 25-121688**<br>**Violation of:**<br>**T.C.C. 26-70L2 Security Plan - Failure to Comply**<br>**Count B** |

**COMPLAINANT** upon knowledge, information or belief, alleges that one **TEMPE TAVERN 1810 LLC**, on or about **NOVEMBER 20, 2025** in the said City of Tempe, County and State Aforesaid, has committed a Misdemeanor as follows: To-Wit:

At Tempe Tavern 1810 E Apache Blvd, Tempe Maricopa County, Arizona, Defendant failed to comply with the terms and conditions of the approved security plan, to wit: Sec. V(3) Persons Under Twenty-One Years of Age, in violation of T.C.C. § 26-70(L)(2), a class 1 misdemeanor.

All of which is contrary to the form of the ARIZONA STATUTES or TEMPE CITY CODE in such cases made and provided, and against the peace and dignity of the CITY OF TEMPE and the said STATE OF ARIZONA.

Complainant

04/08/2026
Date

'

Disposition ____________________ Date ____________ Judge's Initials ______________

**Defendant: TEMPE TAVERN 1810 LLC**
**D.O.B.:**
**Address: c/o Statutory Agent Robert Tasso**
**2516 W Monte Ave**
**Mesa, AZ 85202**

**TEMPE MUNICIPAL COURT**
**COUNTY OF MARICOPA, STATE OF ARIZONA**

| | |
|---|---|
| **STATE OF ARIZONA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TEMPE TAVERN 1810 LLC,**<br>**Defendant.** | **Case No: 26-028419-3**<br><br>**CRIMINAL COMPLAINT**<br>**I.R.: 25-121688**<br>**Violation of:**<br>**T.C.C. 26-70L2 Security Plan - Failure to Comply**<br>**Count C** |

**COMPLAINANT** upon knowledge, information or belief, alleges that one **TEMPE TAVERN 1810 LLC**, on or about **NOVEMBER 20, 2025** in the said City of Tempe, County and State Aforesaid, has committed a Misdemeanor as follows: To-Wit:

At Tempe Tavern 1810 E Apache Blvd, Tempe Maricopa County, Arizona, Defendant failed to comply with the terms and conditions of the approved security plan, to wit: Sec. V(4)-(6) Security Apparel and Operations, in violation of T.C.C. § 26-70(L)(2), a class 1 misdemeanor.

All of which is contrary to the form of the ARIZONA STATUTES or TEMPE CITY CODE in such cases made and provided, and against the peace and dignity of the CITY OF TEMPE and the said STATE OF ARIZONA.

[signature]
Complainant

04/08/2026
Date

'

Disposition ____________________ Date ____________ Judge's Initials ______________

# Exhibit 2

**Defendant: TEMPE TAVERN 1810 LLC**
**D.O.B.:**
**Address:Statutory Agent: Robert Tasso**
**2516 W Monte Ave**
**Mesa, AZ 85202**

**TEMPE MUNICIPAL COURT**
**COUNTY OF MARICOPA, STATE OF ARIZONA**

| | |
|---|---|
| **STATE OF ARIZONA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TEMPE TAVERN 1810 LLC,**<br>**Defendant.** | **Case No: 26-028419-3**<br><br>**CRIMINAL COMPLAINT**<br>**I.R.: 25-121688**<br>**Violation of:**<br>**A.R.S. §13-2908A1 Criminal Nuisance**<br>**Count D** |

**COMPLAINANT** upon knowledge, information or belief, alleges that one **TEMPE TAVERN 1810 LLC**, on or about **NOVEMBER 20, 2025** in the said City of Tempe, County and State Aforesaid, has committed a Misdemeanor as follows: To-Wit:

On or about November 20, 2025, at or near Tempe Tavern 1810 E Apache Blvd, Tempe Maricopa County, Arizona, Defendant did, by conduct either unlawful in itself or unreasonable under the circumstances, recklessly create or maintain a condition which endangered the safety or health of others, in violation of A.R.S. §§ 13-2908(A)(1) a Class 3 Misdemeanor.

All of which is contrary to the form of the ARIZONA STATUTES or TEMPE CITY CODE in such cases made and provided, and against the peace and dignity of the CITY OF TEMPE and the said STATE OF ARIZONA.

[signature]
Complainant

08/26/2026
Date

'

Disposition ____________________ Date ____________ Judge's Initials ______________

**Defendant: TEMPE TAVERN 1810 LLC**
**D.O.B.:**
**Address:Statutory Agent: Robert Tasso**
**2516 W Monte Ave**
**Mesa, AZ 85202**

**TEMPE MUNICIPAL COURT**
**COUNTY OF MARICOPA, STATE OF ARIZONA**

| | |
|---|---|
| **STATE OF ARIZONA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**TEMPE TAVERN 1810 LLC,**<br>**Defendant.** | **Case No: 26-028419-3**<br><br>**CRIMINAL COMPLAINT**<br>**I.R.: 25-121688**<br>**Violation of:**<br>**A.R.S. §13-2908A2 Criminal Nuisance**<br>**Count E** |

**COMPLAINANT** upon knowledge, information or belief, alleges that one **TEMPE TAVERN 1810 LLC**, on or about **NOVEMBER 20, 2025** in the said City of Tempe, County and State Aforesaid, has committed a Misdemeanor as follows: To-Wit:

On or about November 20, 2025, at or near Tempe Tavern 1810 E Apache Blvd, Tempe Maricopa County, Arizona, Defendant did knowingly conduct or maintain a premises, place or resort where persons gathered for purposes of engaging in unlawful conduct in violation of A.R.S. § 13-2908(A)(2), a Class 3 Misdemeanor.

All of which is contrary to the form of the ARIZONA STATUTES or TEMPE CITY CODE in such cases made and provided, and against the peace and dignity of the CITY OF TEMPE and the said STATE OF ARIZONA.

[signature]
Complainant

08/26/2026
Date

'

Disposition ____________________ Date ____________ Judge's Initials ______________

# Exhibit 3

TEMPE MUNICIPAL COURT
MARICOPA COUNTY, STATE OF ARIZONA

STATE OF ARIZONA

Vs.

TEMPE TAVERN 1810 LLC

CASE NO. 26-028419-3

SUMMONS

YOU ARE HEREBY SUMMONED and required to appear at the Tempe Municipal Court

on February 26, 2027 at 8:30 AM at 140 East 5th Street Tempe, AZ 85281

Your appearance is for a NON JURY TRIAL on the following violation(s):

| Violation Code | Violation Description |
|---|---|
| 26-70L2 | SECURITY PLAN VIOLATION |
| 26-70L2 | SECURITY PLAN VIOLATION |
| 26-70L2 | SECURITY PLAN VIOLATION |
| 13-2908A1 | CRIMINAL NUISANCE |
| 13-2908A2 | CRIMINAL NUISANCE |

The defendant has the right to be represented by an attorney at all times. If the defendant fails to appear for any scheduled court proceeding, that proceeding may be held in the defendant's absence including trial, and a bench warrant may issue for the defendant's arrest. The defendant may be eligible to file a petition to seal case records related to certain criminal offenses.

Accommodation requests in accordance with the Americans with Disabilities Act (ADA) should be made to the Court at least 10 business days before the hearing.

Call 480-350-8271 or visit www.tempe.gov/court for more information.

October 21, 2026
Date

James Sampanes
Presiding Judge

**I HAVE READ AND UNDERSTAND THE ABOVE ORDER**

Date October 21, 2026

Defendant

TEMPE TAVERN 1810 LLC
STATUTORY AGENT: ROBERT TASSO [redacted]

# Exhibit 4

**KRISTEN K. MAYES**
Attorney General
Firm State Bar No. 14000

Roberto Pulver, No. 018885
Assistant Attorney General
Public Law Section
2005 N. Central Ave.
Phoenix, Az 85004
Telephone: (602) 542-0153
roberto.pulver@azag.gov
adminlaw@azag.gov
*Attorney for The Arizona Department Of Liquor Licenses and Control*

**BEFORE THE ARIZONA DEPARTMENT OF LIQUOR LICENSES AND CONTROL IN THE OFFICE OF ADMINISTRATIVE HEARINGS**

| | |
|---|---|
| In the matter of Series #6 Restaurant Liquor License No. 06070083 issued to:<br><br>TEMPE TAVERN<br>1810 EAST APACHE<br>TEMPE, ARIZONA 85281;<br>Robert Tasso, Agent;<br><br>Tempe Tavern 1810 LLC., Owner<br><br>*Respondent* | OAH Docket No.: 26A-000036-LIQ<br>Department Case No.: 25-002093<br><br>**COMPLAINT AND NOTICE OF HEARING**<br><br>Assigned to Hon. Nedra-Su Kawasaki |

## I. NOTICE OF PUBLIC HEARING

YOU ARE NOTIFIED that pursuant to Arizona Revised Statutes ("A.R.S.") §§ 4-210(G) and § 41-1092.03, a public hearing before an administrative law judge will be held at the Office of Admirative Hearings ("OAH") to determine whether grounds exist

to impose disciplinary action against TEMPE TAVERN, which is owned by Tempe Tavern 1810, LLC., and is the holder of Series #6 Bar Liquor License No. 06070083. **OAH is located, and the hearing will take place at, 1740 West Adams Street, Lower Level, in Phoenix, Arizona 85007 (contact telephone number: 602-542-9826), on November 12, 13, and 16, 2026 beginning each day from 9:00 am to 5:00 pm. You are on notice that you are responsible for independently verifying your hearing date, or any continued court date, by staying in touch with OAH, the Arizona Department of Liquor Licenses and Control (the "Department"), or the State's attorneys listed herein.** At the hearing, the Department will present evidence, testimony, and argument in support of the charges set forth in this Complaint and Notice of Hearing ("CNOH").

If you desire to make a defense to the charges at the hearing, you must file an answer to this CNOH pursuant to A.R.S. § 4-210(G) within **fifteen (15) days** of its service. Your answer must be filed with **Gino Duran, Deputy Director of the Department, at 800 W. Washington, 5th Floor, Phoenix, Arizona, 85007**, and a copy must be provided to OAH, to the attorneys for the Department listed herein, and to all other interested parties.

**Failure to respond to the CNOH within the allotted time shall constitute an admission that you have violated Department statutes and rules as stated in this document and discipline may be imposed against you.** If you file an answer, you may also appear at the hearing in person, or remotely[1], and may be represented by legal counsel (admitted to practice in Arizona) and may at that time cross-examine the witnesses against you and present testimony of witnesses, evidence, and legal argument

---

[1] Remote appearance is subject to request and approval by OAH.

on your own behalf.

Pursuant to A.R.S. § 4-210.01, if OAH determines that you have violated a Department statute or rule, OAH may recommend that the Department impose discipline against you, including an administrative penalty of up to $3,000 per violation, as well as a suspension or revocation of your license.

Pursuant to A.R.S. § 41-1092.06(A), you have the right to request an informal settlement conference to attempt to negotiate a settlement of your case. Such request must be filed in writing no later than twenty (20) days before the scheduled hearing. Such requests may be filed by mail or email with the attorneys for the Department who are listed herein, or by regular mail to **Gino Duran, Deputy Director of the Department, at 800 W. Washington, 5th Floor, Phoenix, AZ 85007**. The conference will be held within fifteen (15) days after the Department receives your request. Please note that you waive any right to object to the participation of the Department's representative in the final administrative decision of the matter if it is not settled at the conference.

## II. PARTIES AND JURISDICTION

1. The Department is the duly constituted authority for the regulation and control of the sale of spirituous liquor, under A.R.S. § 4-101, *et seq.*

2. The Department issues this CNOH under A.R.S. §§ 4-210(G) and 41-1092.03.

3. Tempe Tavern 1810, LLC is the owner of TEMPE TAVERN.

4. TEMPE TAVERN is the holder of a Series #6 Bar Liquor License No. 06070083.

5. Robert Tasso serves as TEMPE TAVERN's Agent of record, under A.R.S. § 4-202(A).

6. The hearing for the alleged violations found in the CNOH is not "an appealable agency action or contested case involving a licensing decision" because no

discipline has yet been imposed and no licensing decision has been made, under the definition of "licensing decision" in A.R.S. § 41-4001(15). Therefore, Respondent (Tempe Tavern) is not entitled to accept the ALJ's written decision as the final decision in the matter, under A.R.S. § 41-1092.08(I). Instead, the Department's director has the right to review the ALJ's written decision and make the final administrative decision, under A.R.S. § 41-1092.08(F); and the Respondent has the right to appeal the final administrative decision, under A.R.S. § 41-1092.08(H).

## III. FACTUAL ALLEGATIONS

7. The Department is the duly constituted authority for the regulation and control of the sale of spirituous liquor in Arizona.

8. TEMPE TAVERN is the holder of Series #6 Bar Liquor License No. 06070083, and is located at 1810 East Apache Boulevard, Tempe, Arizona, 85281.

9. On November 20, 2025, agents from the Arizona Department of Liquor Licenses and Control ("DLLC") collaborated with the Tempe Police Department on a joint Youth Alcohol Enforcement Detail. The operation targeted Tempe Tavern, an establishment identified as a high-volume venue for underage individuals attempting entry with fraudulent identification. The results of the Youth Alcohol Enforcement Detail revealed the following non-compliance:

a. Two hundred forty-eight (248) individuals received citations (arrests) for underage alcohol violations, Tempe Police Department cited 219 individuals, DLLC cited 29 individuals, which totaled three hundred forty (340) charges;

b. Comparing the Tempe Tavern ID log for November 20-21, 2025, against the names of those who received a citation, over two hundred (200) individuals were underage and used a fictitious ID to gain entry to the tavern;

c. Twelve (12) cited individuals do not appear in the Tempe Tavern ID log for November 20-21, 2025: (i) Aden D. Zirogiannis, (ii) Benjamin J. Tynan, (iii)

Brandon P. McCray, (iv) Brodrick N. Weidinger, (v) Conner A. Jones, (vi) Elizabeth Arnquest, (vii) Jacob A. Glaser, (viii) Lauren P. Snider, (ix) Sophia C. Loria, (x) Tristan R. Lewers, (xi) Alaia C. Kolhoff, and (xii) Mathew B. Crowley;

d. Three (3) cited individuals: (i) Eleanor Jean Perrone (Elly Margret Perrone); (ii) Keana Lanae Fox (Keana Marie Fox); and (iii) Sammy Tareq Amin (Sammy Quinn Amin) are in the Tempe Tavern ID log using alias, notated in parenthesis, with fictitious dates of birth;

e. On November 20-21, 2025, Tempe Tavern had a legal occupancy limit of 169 individuals, law enforcement and fire personnel identified approximately 250 to 280 individuals within the premises at 2200 hours;

f. During the investigation, Leamya Brown, an underage patron, was observed visibly intoxicated inside Tempe Tavern; and

g. During the investigation, Tempe Tavern failed to provide the following documentation to DLLC:

1. Produce a complete employee log book;
2. Produce detailed purchase and sale invoices; and
3. Maintain clear, accessible records for DLLC inspection.

10. Previously, on April 24, 2025, a joint enforcement operation was launched at Tempe Tavern by the DLLC and the Tempe Police Department and the following occurred:

a. On April 24, 2025, despite a legal occupancy limit of 169 individuals, the tavern was dangerously overcrowded, with an estimated 180 to 200 patrons; and

b. On April 24, 2025, one hundred and seventy-four (174) underage individuals were identified and arrested at the tavern for various offenses, ranging from minor in possession of alcohol to presenting false identification and providing false

information to officers.

## IV. ALLEGATIONS OF VIOLATIONS

11. The Department has jurisdiction in this matter, pursuant to A.R.S. § 4-101 *et seq.*

12. The conduct and circumstances alleged above constitute grounds for discipline pursuant to A.R.S. § 4-210(A)(2): the licensee (Tempe Tavern) failed to maintain its capability, qualifications, and reliability requirements for licensure.

13. The conduct and circumstances alleged above constitute grounds for discipline pursuant to A.R.S. § 4-210(A)(7): the licensee (Tempe Tavern), registrant, lessee or permittee failed to keep for two years and make available to the department on reasonable request all its invoices, records, bills or other papers and documents relating to the purchase, sale and delivery of spirituous liquors.

14. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-119: the licensee (Tempe Tavern) failed to keep records of licensed business activity in a manner and location and for such duration as prescribed by the director. The rules of the director shall require that each on-sale retailer (Tempe Tavern) maintain at the licensed premises a copy of all required records including a current log of all persons employed at the licensed premises including each employee's full legal name, date of birth, address and responsibilities. The licensee shall retain these records for two years.

15. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-210(A)(10): the licensee (Tempe Tavern), registrant, lessee or permittee failed to take reasonable steps to protect the safety of a customer of the licensee, registrant, lessee or permittee or any other person entering, leaving or remaining on the licensed premises when the licensee knew or reasonably should have known of the danger to the person.

16. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-244(22): an on-sale retailer (Tempe Tavern) or a Tempe Tavern employee allowed a person under the legal drinking age to remain in an area on the licensed premises during those hours in which its primary use was the sale, dispensing or consumption of alcoholic beverages after the licensee, or the licensee's employees, knew or should have known that the person was under the legal drinking age.

17. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-244(14): a licensee (Tempe Tavern) or other person allowed to serve, sell or furnish spirituous liquor to a disorderly or obviously intoxicated person, or for a licensee or employee of the licensee allowed a disorderly or obviously intoxicated person to come into or remain on or about the premises.

18. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-241(A): Tempe Tavern failed to follow the identification procedure prescribed by statute.

19. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-244(2): a person (Tempe Tavern) sold or dealt in alcohol for beverage purposes without first complying with this title.

20. The conduct and circumstances described above constitute grounds for discipline pursuant to A.R.S. § 4-210(A)(9): Tempe Tavern’s (failure to comply with Title IV or any Department Rule) and pursuant to A.R.S. § 4-210(B)(2), which states that for the purposes or A.R.S. § 4-210(A)(9): “acts or omissions of an employee of a licensee that violate this title or rules adopted pursuant to this title are deemed to be acts or omissions of the licensee.”

**RESPECTFULLY SUBMITTED** on this 23rd day of September 2026, by:

Ben Henry Digitally signed by Ben Henry Date: 2026.09.23 10:34:41 -07'00'

Ben Henry, Director

**ORIGINAL** of the forgoing filed the 23rd day of September 2026, with:

The Office of Administrative Hearings
1710 West Adams Street, Lower Level
Phoenix, Arizona 85007
Via https://portal.azoah.com/submission/

**COPY** of the forgoing mailed and emailed on the 23rd day of September 2026, to:

Robert Tasso, Agent
Tempe Tavern 1810, LLC.
dba. TEMPE TAVERN
1810 East Apache Blvd.
Tempe, AZ 85281

Timothy A. La Sota, Esq.
2198 E. Camelback Road, Suite 305
Phoenix, Arizona 85016
tim@timlasota.com
*Attorney for Respondent Tasso*

**COPY** of the forgoing emailed on this 23rd day of September 2026, to:
roberto.pulver@azag.gov
adminlaw@azag.gov